# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In Re:**

**Xiao Hu,**

      **Debtor.**

**Forever Money LLC**

      **Plaintiff,**                       Case No. 6:24-mc-00025-PGB

v.

**Xiao Hu, Thunderbirds.me, Inc., Jie Fu, Rai, Inc. (Florida), FGA Partners, LLC, and Megahoot Technologies, Inc.**

      **Defendants.**

_____/

## **ORDER**

This cause is before the Court on Plaintiff Forever Money LLC's ("**Plaintiff**") Renewed Motion for Withdrawal of Reference and Transfer to the District Court. (Doc. 4 (the "**Motion**")).[1] Although Plaintiff indicates that the

---

[1] Plaintiff initially filed a motion requesting similar relief on October 17, 2024. (Doc. 1). Defendants never responded, and ultimately, the Court denied the initial request without prejudice for failure to comply with Local Rule 3.01(g)'s good faith conferral requirement. (Doc. 3). Plaintiff subsequently refiled the instant Motion, and, in its Local Rule 3.01(g) certification, Plaintiff simply states that "[t]he parties do not agree on the resolution of all or part of the motion." (Doc. 8, p. 6). Alas, Defendants never filed a response in opposition to the Motion, and the time to do so has long passed. *See* Local Rule 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion.").

Motion is opposed, Defendants failed to timely respond, and thus, the matter is ripe for review. (*See id.*).[2]

## I. BACKGROUND

In the Motion, Plaintiff indicates that Defendant Xiao Hu filed a petition for bankruptcy on March 1, 2024. (*Id.*). Shortly thereafter, on June 6, 2024, Plaintiff initiated an adversary proceeding, asserting claims of fraud, breach of contract, conspiracy to commit fraud, negligent misrepresentation, breach of fiduciary duty, violations of the Florida Deceptive and Unfair Trade Practices Act, securities fraud, and a claim for Non-Dischargeability of Debt. (*Id.* at pp. 2–3). Plaintiff states that "[t]he underlying Chapter 13 bankruptcy case has been dismissed, and the basis for federal bankruptcy jurisdiction has largely been eliminated, leaving primarily [the aforementioned] state law claims for adjudication." (*Id.* at p. 3). As such, Plaintiff requests the "adversary proceeding be withdrawn from the bankruptcy court and transferred to" this Court for further proceedings under 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011. (*Id.*).

## II. DISCUSSION

28 U.S.C. § 157(d) allows the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely

---

[2] Local Rule 3.01(c) provides that "[i]f a party fails to timely respond, the motion is subject to treatment as unopposed." Nevertheless, as discussed herein, the Court finds that Plaintiff has not met its burden in demonstrating that withdrawal of the reference is warranted.

motion for any party, for *cause* shown." 28 U.S.C. § 157(d) (emphasis added).[3] The Eleventh Circuit has made clear that the undefined "'cause' contemplated by § 157(d) 'is not an empty requirement.'" *In re Tate*, No. 09-0039-WS-M, 2010 WL 320488, at *8 (S.D. Ala. Jan. 19, 2010) (quoting *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000)). Thus, in evaluating whether "cause" for withdrawal exists, district courts consider various factors such as "the advancement of uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Control Ctr., LLC v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002). Additional considerations include: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *E.g.*, *In re Tousa, Inc.*, No. 1060206-MC, 2010 WL 1644456, at *3 (S.D. Fla. Apr. 19, 2010). Ultimately, "[t]he moving party bears the burden of demonstrating cause for withdrawal of the reference." *In re Advanced Telecomm. Network, Inc.*, No. 6:13-CV-700-ORL-28, 2014 WL 2528844, at *1 (M.D. Fla. June 4, 2014).[4]

Here, the Court finds that Plaintiff has set forth a barebones request for withdrawal and, consequently, has not demonstrated such is warranted. For one, pursuant to the Middle District of Florida's Local Rules 1.01(d)(10) and 3.01(a), a

---

[3] The Court points out that there are two distinct forms of withdrawal: mandatory and permissive. 28 U.S.C. § 157(d). However, the Court finds it unnecessary to address mandatory withdrawal as Plaintiff neither mentions it nor does it appear to be at issue.

[4] "The determination of whether to grant a motion for permissive withdrawal is within the court's discretion." *Stower v. Cornide*, No. 23-CV-20143, 2023 WL 1100454, at *3 (S.D. Fla. Jan. 30, 2023).

motion must include a legal memorandum, which is defined as "a paper—including a legal brief—that *cites legal authority or otherwise advances a statement of law to support a request for relief.*" Local Rule 1.01(d)(10) (emphasis added); *see* Local Rule 3.01(a). Alas, Plaintiff fails to cite *any* case law in support of its request that this Court withdraw the reference of the adversary proceeding. *See* Local Rules 1.01(d)(10), 3.01(a).[5] Instead, Plaintiff merely presents generic and unsupported assertions like withdrawal will "promote[] judicial efficiency." (Doc. 4). Such a contention "could [theoretically] apply to every request for withdrawal." *In re Glob. Energies, LLC*, No. 11-61322-CIV, 2011 WL 2610209, at *4 (S.D. Fla. July 1, 2011). Without more, the Court is simply not persuaded that withdrawal is warranted.

Nevertheless, the Court turns to address some of the factors relevant to the determination of "cause" for purposes of withdrawal. With regard to the claims at issue being core or non-core, Plaintiff states that "[t]he claims in this adversary proceeding are primarily state law claims" and "non-core matters. . . . more appropriately resolved in a district court under diversity jurisdiction." (Doc. 4, p. 3). However, Plaintiff blankly labels the remaining matters as "non-core" with zero

---

5   The Eleventh Circuit has made clear that courts "will not consider arguments raised 'in a perfunctory manner[ ] without supporting arguments and citation to authorities.'" *Sublett v. Landshark Grp., Inc.*, No. 1:20-CV-128-AW-GRJ, 2021 WL 11696269, at *1 (N.D. Fla. Apr. 12, 2021) (alteration in original) (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *see also W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."). In other words, the Court will not do a party's work for them.

explanation for the classification. (*Id.*).[6] While the respective matters may very well be non-core, the Court finds it inappropriate to determine such with the information—or lack thereof—that has been provided.[7] In any event, persuasive authority suggests that the bankruptcy court should first make "the determination of whether a matter is core or non-core." *Stower*, 2023 WL 1100454, at *4; *see* 28 U.S.C. § 157(a)(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."). To this Court's knowledge, such has not been done. *See Stower*, 2023 WL 1100454, at *4 (finding that withdrawal was premature partly because "the Bankruptcy Court ha[d] not determined whether the claims in [the] proceeding are core or non-core").

In addition, many courts consider whether there has been a demand for a jury trial. Here, Plaintiff merely mentions that "the need to preserve rights to a jury trial" is a basic consideration in assessing whether to withdraw the reference. Yet, Plaintiff fails to indicate whether there even is or was a demand for a jury trial in the case at bar. Regardless, courts routinely deny "a party's request for immediate withdrawal of reference where the basis of the request is a party's *entitlement* to a

---

[6]  Not to mention, Plaintiff indicates that one of the claims at issue is for non-dischargeability of a debt. Such an action is explicitly listed as a core proceeding under 28 U.S.C. § 157(a)(b)(2). ("Core proceedings include, but are not limited to . . . determinations as to the dischargeability of particular debts.").

[7]  Moreover, the Court notes that "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1).

jury trial." *In re Tousa, Inc.*, 2010 WL 1644456, at *5 (emphasis added) (collecting cases). And, even if a jury trial itself would constitute cause for withdrawal, district courts commonly allow the bankruptcy court to conduct all pre-trial matters. *Stower*, 2023 WL 1100454, at *5; *In re Certified HR Servs. Co.*, No. 05-22912-BKC-RBR, 2008 WL 9424996, at *4 (S.D. Fla. May 30, 2008); *In re Advanced Telecomm. Network, Inc.*, 2014 WL 2528844, at *2.

Lastly, the Court finds that judicial economy weighs in favor of denying the withdrawal of reference at this juncture. Denial will advance uniformity in the administration of the bankruptcy case and related matters as well as make efficient use of the bankruptcy court's expertise with regard to the case, the parties, and the issues involved until withdrawal of reference is necessary. *See, e.g.*, *Stower*, 2023 WL 1100454, at *4; *In re Advanced Telecomm. Network, Inc.*, 2014 WL 2528844, at *2; *In re Stone*, No. 8:10-AP-1073-MGW, 2010 WL 5069698, at *2 (M.D. Fla. Dec. 7, 2010) ("Denying the requested withdrawal at this juncture will facilitate the bankruptcy process and make efficient use of the bankruptcy court's expertise. . . . [which] is a much more efficient use of judicial resources, as opposed to withdrawing the reference and pitting the case against the competing criminal and civil litigation demands of the district court's docket.").

In sum, although this case may ultimately require a jury trial or otherwise warrant withdrawal of the reference to the bankruptcy court, withdrawal is denied at this time.

### III.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Renewed Motion for Withdrawal of Reference and Transfer to the District Court (Doc. 4) is **DENIED WITHOUT PREJUDICE**.

2. The Clerk of this Court is **DIRECTED** to close this case.

**DONE AND ORDERED** in Orlando, Florida on January 23, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties